COLONIAL MOTOR COACH CORPORATION, Plaintiff, *v.* CAYUGA OMNIBUS CORPORATION and Another, Defendants.

Supreme Court, Onondaga County, May 10, 1930.

*Hancock, Dorr, Kingsley & Shove* [*Carl E. Dorr* and *A. Raymond Cornwall* of counsel], for the plaintiff.

*Olmstead, Van Bergen & Preston* [*A. Lee Olmstead* of counsel], for the defendants.

LEWIS (EDMUND H.), J.   The plaintiff owns and operates an automobile omnibus route between the cities of Syracuse and Auburn, via the village of Elbridge, under authority of a certificate of convenience and necessity issued by the Public Service Commission.   On or about April 15, 1930, the defendant corporation, of which the defendant Drescher is an officer and stockholder, commenced the operation of a motor omnibus line affording through service between the same cities but by a different route, viz., through the villages of Marcellus and Skaneateles.

By this action the plaintiff seeks to permanently restrain the

defendant corporation from transporting *through* passengers from Syracuse to Auburn, upon the ground that no certificate of convenience and necessity has been issued by the Public Service Commission to the defendants, or either of them, thereby rendering the defendant's omnibus service illegal and that plaintiff is suffering irreparable injury by reason of such operation.

The action does not affect transportation by the defendant corporation of local passengers to or between intermediate points along defendant's proposed route.

This application for an injunction *pendente lite* presents for decision the question whether the defendant corporation can legally operate an omnibus line without a certificate of convenience and necessity issued by the Public Service Commission; if not, is the position of the plaintiff such as to warrant the issuance of a restraining order against the defendant?

Motor omnibus service as a means of public transportation has come into common use within the past fifteen years. Its rapid growth has created problems involving the safety and convenience of the traveling public as a result of which the Legislature has seen fit to bring that type of transportation under the control of the Public Service Commission. Upon the decision of a similar motion in 1919, Mr. Justice MARCUS stated (*Niagara Gorge Railroad* v. *Gaiser*, 109 Misc. 45): " The legislature has clearly recognized the necessity of vesting in the public service commission authority to pass upon the question as to the convenience of and necessity for such competing lines, and the power to supervise and control their operation. Unless defendant has come under the jurisdiction of the public service commission, he may so operate that his competition will make plaintiff's operation impossible because of the financial loss resulting, and thereby the service guarantee to the public through the supervision of the plaintiff by the public service commission may be destroyed."

The necessity for governmental control of this new utility must be kept in mind as the statutes and decisions are examined which bear upon the determination of this application.

The defendant, as its name implies, is an omnibus corporation organized under the Transportation Corporations Law. The service which it is now rendering and which plaintiff seeks to restrain involves operating its motor vehicles in and between the cities of Syracuse and Auburn. The Transportation Corporations Law of 1926 (Laws of 1926, chap. 762) provides as follows:

" § 65. Additional persons and corporations subject to the public service commission law. Any person or corporation owning or operating a stage, omnibus line or motor vehicle line or route or

vehicles described in the next succeeding section of this article wholly or partly upon and along any street, avenue or public place in any city shall be deemed to be a ' common carrier ' as that term is used in the public service commission law, *and shall be required to obtain a certificate of convenience and necessity for the operation of the route or vehicles proposed to be operated,* and shall be subject to all the provisions of such law applicable to common carriers."

This statute and other provisions of law relating to it were enacted for the public welfare. They are mandatory and have for their definite purpose State supervision of a type of public transportation which if uncontrolled might become a public menace. It follows that to assert that a motor omnibus line can to-day be legally operated without a certificate of convenience and necessity from the Public Service Commission is to disregard a clear legislative mandate.

The defendant corporation admits it is operating its through route without a certificate of convenience and necessity and seeks to justify its illegal action upon the ground that an emergency exists making this additional through service from Syracuse to Auburn a necessity. Proof of this emergency as contained in the defendant's papers is not convincing and in any event would be of little avail upon this motion. (*Huff* v. *Island Transportation Co.,* 227 App. Div. 745.) It may be added that if there exists such an urgent need for an additional omnibus route for through transportation between Syracuse and Auburn there is a clear legal way to establish it. Until steps are taken to do so this court will not support the operation of a service which is in direct contravention of the law of this State.

The question remains, is the plaintiff corporation in a position to seek the aid of this court in equity to stop the illegal omnibus operation by the defendant until it shall have qualified under the statute?

The plaintiff and defendant corporations are common carriers. In *Brooklyn City Railroad Co.* v. *Whalen* (191 App. Div. 737, 744; affd., 229 N. Y. 570) the Appellate Division, Second Department (unanimous), states: " A common carrier * * * has a legal right to question the necessity and convenience to the people of a paralleling common carrier. * * * In the days before the power of public regulation and control of common carriers was established and recognized as it is now, competing roads were built, not for the benefit of the public, but so to injure the established road as to compel it to purchase in self-defense. This was recognized as an abuse, and the correction applied was the law that no line of trans-

portation should be established without a certificate of public convenience and necessity. * * * The plaintiff, having a franchise to operate in the public streets, and being under financial pressure of the prevailing economic conditions, suddenly finds its most profitable lines paralleled by stages operating under the control of the defendant without authority of law and without having obtained a certificate of public convenience and necessity. *I think the plaintiff has a standing in a court of equity for relief.*

"Whether the plaintiff has failed in fulfilling the obligations of its franchise has nothing to do with the question now before us. If it has, the law affords a remedy. *The orderly processes of the law are better and probably more effective than an attempt at correction by an unauthorized and illegal administrative act.*"

Upon this phase of the question it is of interest to note that in the first days of motor omnibus transportation injunctive relief similar to that which is sought here was granted by Mr. Justice HINMAN in *United Traction Company* v. *Smith* (115 Misc. 73). In that opinion a careful analysis of many decisions upon the subject is given with special reference to the exercise of the court's equitable powers. (See, also, *Darling* v. *Darling*, CHENEY, J., 118 Misc. 817.) Similar relief was granted in *Brooklyn City Railroad Company* v. *Whalen* (*supra*), the decision of which was affirmed by the Court of Appeals.

The defendants attack the plaintiff's complaint asserting that it fails to allege sufficient facts in support of its allegations of irreparable damage resulting from defendants' acts. As to this criticism it will be found from an examination of the record on appeal in the case last above cited that the Court of Appeals specifically sustained a complaint the allegations of which were fairly comparable in this regard to those of the case at bar.

The defendant cannot reasonably assert that its illegal service between Syracuse and Auburn will not withdraw passengers from the service now furnished by the plaintiff under authority of law. If the defendant did not expect to carry passengers between those two cities it certainly would not offer such service. It cannot deny that if the defendant is permitted to continue without a certificate of convenience and necessity to carry passengers from Syracuse to Auburn it will seriously compete with plaintiff's service afforded between those two points and adversely affect its financial position.

I conclude that the sale by the defendant of through motor omnibus passenger transportation from Syracuse to Auburn without a certificate of convenience and necessity issued by the Public Service Commission is not in accord with existing law; that the plaintiff, operating a similar transportation service between those

cities under authority of law, is being irreparably damaged by the illegal service afforded by the defendants; that plaintiff has no adequate remedy at law whereby relief can be had; that under these circumstances the court should afford equitable relief to the plaintiff.

An injunction order may issue restraining the defendants and their servants, agents and employees from carrying through passengers between the cities of Syracuse and Auburn, N. Y., pending the determination of this action or the prior issuance of a certificate of convenience and necessity authorizing such service by the Public Service Commission of the State of New York.